## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOE A. COX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-1097-JTM |
| | ) | |
| SOUTH BARBER UNIFIED | ) | |
| SCHOOL DISTRICT No. 255, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

A telephone conference was conducted on December 9, 2005 to address plaintiff's motion to compel responsive answers to Interrogatory Nos. 8, 10, 11, 12, 13 and 15.  (Doc. 43).   Robert Christensen appeared for plaintiff and Allen Glendenning appeared for defendant.  After considering the parties' arguments, the motion shall be GRANTED.[1]

### Background

Plaintiff (age 71), a former custodian/bus driver, alleges that defendant terminated him in violation of the Age Discrimination Employment Act (ADEA), 29 U.S.C. 626(b).  Defendant counters that plaintiff was terminated during a reduction-in-force for

---

[1]

By agreement of the parties and court, defendant presented its response through oral arguments and no written response is contemplated.

nondiscriminatory reasons.  Specifically, defendant argues that the decision was based on

employee (1) costs, (2) efficiency, and (3) attitude.  Plaintiff seeks to compel complete

responses to certain interrogatories in an effort to show that (1) the decision was completely

subjective and pretextual and (2) defendant is attempting to rationalize its discriminatory

decision "after-the-fact" with vague and unsubstantiated accounts regarding plaintiff's

attitude and relationship with other school district employees.  The interrogatories are

discussed in greater detail below.

**Interrogatory No. 8**[2]

Interrogatory No. 8 requests detailed information concerning the "job performance"

issues that defendant considered when terminating plaintiff.  In response, defendant  stated

that the decision was based on "Mr. Cox's performance and pay rate compared to others in

his job category indicated that the best performance for the money, or less, would be obtained

by retaining the others and letting Mr. Cox go."  Defendant's answer also contained the

general statement:  "See also deposition transcripts of the Board Members."

Defendant's answer Interrogatory No. 8 is incomplete and unresponsive.  The

interrogatory contains five subparts requesting specific information which has not been

---

[2]

Defendant asserts general objections that the motion was untimely (one-day late) and that plaintiff had failed to confer as required by Rule 37.  Those objections are overruled.  The one-day delay was caused by winter weather conditions and is not prejudicial to defendant.  The failure to confer is excused in this instance because the discovery issue was raised during the pretrial conference and the motion was filed without conferring in an attempt to expedite resolution of the matter.

provided.  In addition, a general reference to "see depositions" is inadequate.  Defendant shall fully answer the requests set forth in Interrogatory No. 8.  If defendant does not have such information or know the answer, it shall affirmatively so state that fact.

**Interrogatory No. 10**

Plaintiff asks for detailed information concerning facts discovered after his termination  that defendant contends support the termination decision.  In response, defendant states there is after-acquired information to support the termination and again refers plaintiff to the "depositions."  Defendant's answer is inadequate and incomplete. Defendant shall answer the interrogatory, including all subparts in full.  References to the "depositions" is inadequate and unacceptable.[3]

**Interrogatory No. 11**

Plaintiff asks whether he was given any warnings or reprimands and, if so, to identify the warning by date, a brief description of the incident, and the person who administered the warning.  In response, defendant stated "from time to time plaintiff was talked to by his supervisor about problems and workers and outsourcing too much repair and maintenance

---

[3]

Defense counsel suggested during oral arguments that he would merely review and summarize the depositions in order to answer the interrogatories.  The court is unable to discern from the record whether the deposition testimony answers the interrogatory questions.  However, defendant is cautioned that it must answer the questions presented in the interrogatories.

work." The response is inadequate and fails to indicate the date on which any warnings were giving and the name of the supervisor who gave such warning. Defendant shall provide such information or affirmatively state that it does not know who gave the warning or when it was given.

**Interrogatory Nos. 12 and 13**

David Bailey (the school superintendent) testified at his deposition that an investigator "conveyed that complainant was hard to get along with and furthermore, had sarcastic mood swings to the point where complainant had three teachers crying because of his behavior." Plaintiff requests the name of the witness who provided such information and the names of the three teachers.

During oral argument defendant explained that the "investigation" mentioned was conducted by an EEOC investigator and that defendant does not know the source of the information or the names of the three teachers. Defendant shall supplement its answer to include the explanation provided during oral argument.

**Interrogatory No. 15**

Defendant apparently failed to respond Interrogatory No. 15 because of an oversight. Defendant shall respond to Interrogatory No. 15.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel complete answers

to Interrogatory Nos. 8, 10, 11, 12, 13, and 15 **(Doc. 43)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the answers shall be provided by **December 19, 2005.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 9th day of December 2005.


S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge