IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE COX,

          Plaintiff,

          vs.                    Case No. 05-1097-JTM

U.S.D. 255,

          Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on the defendant's Motion for Summary Judgment (Dkt. No. 45). Plaintiff Joe Cox, a bus driver and custodian, brought suit against his former employer, South Barber Unified School District 255, for alleged violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(b) and the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. §§ 216(c) and 217. Plaintiff claims that the school district unlawfully terminated him on the basis of his age. Defendant moves for summary judgment on the grounds that plaintiff presents only circumstantial evidence of discrimination and fails to satisfy the requirements of McDonnell Douglas to proceed with this action. Plaintiff responds that there is both direct and circumstantial evidence of age discrimination. After reviewing the parties' arguments, the court finds in favor of plaintiff.

## I. STANDARD OF REVIEW

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no

genuine issue as to any material fact, and that the moving party is entitled to judgments as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all of the evidence in a light most favorable to the opposing party. Jurasek v. Utah State Hosp., 158 F.3d 506, 510 (10th Cir. 1998). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. Baker v. Board of Regents, 991 F.2d 628, 630 (10th Cir. 1993). The moving party need not disprove the nonmoving party's claim or defense; it need only establish that the factual allegations have no legal significance. Dayton Hudson Corp. v. Macerich Real Estate Co., 812 F.2d 1319, 1323 (10th Cir. 1987).

The party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in Matsushita). The opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the opposing party must present significant admissible probative evidence supporting that party's allegations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

## II. FINDINGS OF FACT

In keeping with the standards governing summary judgment, the following facts are uncontroverted or, when controverted, are viewed in the light most favorable to the plaintiff. The court has omitted immaterial facts and factual averments not supported by the record.

Joe Cox worked as a bus driver/custodian for U.S.D. 255 for many years and was employed under contract for the 2002-2003 school year. During early 2003, U.S.D. 255 was

2

faced with a school closing and/or other financial hardships.  In an effort to address budget shortfalls, the school board decided to close the middle school, Hardtner Middle School.

As part of this closing process, the school board examined various positions within the school district to determine if any positions could be eliminated.  U.S.D. 255 non-renewed employees in several job categories. The employees who were non-renewed were not necessarily the oldest in their positions and, in fact, many of the retained employees were over 40 years of age.

The parties dispute whether the board used criteria for considering non-renewal such as employee cost and output (production).  The testimony of the superintendent indicates that the board may have relied heavily upon the superintendent's judgment.  Based on this information, the board perceived that Cox may have been the "weakest link" of the custodial staff.

Cox was viewed as not having an openly friendly attitude.  Cox's attitude conflicted with custodian Craig Ragan.  Barbara King, the secretary at the high school facility, viewed plaintiff and his co-worker custodian, Craig Ragan, as having a good working relationship but that they "didn't get along the best" most likely because of a personality clash.

Cox's attitude also conflicted with custodian Dale Webb, and with another bus driver/custodian Elaine Carroll.  Cox was rude and "cussed" about Craig Ragan in front of Elaine Carroll.  Cox was critical of other custodians for doing more work than he did or doing similar tasks more frequently. Cox did not appreciate Webb spending the better part of a day cleaning a long neglected storage room.  Cox's attitude problems were generally known by the staff at the high school.  It was the perception of former Principal Matthew Pounds that Cox was not the type of custodian who looked for things to do as opposed to the other custodians, Craig Ragan, or

Craig Ragan's replacement, Dale Webb.  Another custodian, Elaine Carroll, stated that Cox was less productive than Craig Ragan.

Plaintiff himself does not know how the quality or quantity of his work compared to the others.  When asked which custodian he would have selected to remain, Principal Pounds selected Dale Webb rather than Joe Cox and described Webb as a "stud."  At the same time, Principal Pounds described plaintiff as productive in his job.  Principal Pounds did not give plaintiff a poor performance review of his job; has no recollection of ever sharing criticisms of plaintiff's job performance with Superintendent Bailey; and at the time plaintiff was terminated, plaintiff was meeting the performance standards for his position.

Cox himself indicated that he was aware of no reasons to select another custodian rather than himself for non-renewal. Cox was one of the highest paid custodians.

Superintendent David Bailey states that he was aware of Cox's attitude problems and performance issues.  The board received information about Cox's performance based on the superintendent's direct observations, discussions with Principal Pounds, and discussions with other custodial staff.

Although board member Hill testified that the board took into account the comparative performance of employees (including Cox) in determining which employees in specific job categories to non-renew, board member Stranathan indicated that virtually all of the information concerning the employees considered for non-renewal, including Cox, came from Bailey. Stranathan indicated that the Board of Education gave no criteria to Bailey to use in the employees' evaluations or in bringing his recommendation to the board.  However, Stranathan's recollection of the evaluation of the various employees under consideration for non-renewal was

that the employees' names were placed on the board for the purpose of looking at who made the most money versus how many hours they worked and who the board thought was going to be the most advantageous to eliminate to be able to get the monetary number that the board liked.

Defendants' witnesses dispute the exact criteria used in evaluating all similarly situated employees. Superintendent Bailey believes that the idea to terminate the plaintiff came from the Board of Education and not from his recommendation to the board. Board member Janice Hill indicated in her deposition testimony that the board was advised about the strengths and weaknesses of the district's custodians to assist them in making the decision as to who should be terminated by Principal Pounds. Board member Sid Stranathan has no recollection of Principal Pounds having any input into the recommendations about the retention of the custodians at the high school.

Cox claims he was told by Superintendent Bailey that he was "too old and wasn't getting [his] work done." U.S.D. 255 and Bailey absolutely deny this allegation; however, it must be taken as true for the purposes of this motion. Cox claims he was told by a board member shortly after his non-renewal that the reason for his non-renewal was that the Board was concerned about his health or that he might "fall off a ladder." U.S.D. 255 and the board member deny this allegation; however, again, it is deemed true for the purposes of this motion. The members of the school board who were deposed and interviewed, including Hill, Bailey and Stranathan, specifically denied that age was a factor in determining which employees to non-renew.

Along with others, Joe Cox was non-renewed. Cox received notice on or about April 2, 2003, that his contract would not be renewed and his employment would end at the completion of his existing contract on or about June 30, 2003. Cox was 70 years old at the time of his non-

renewal.  Subsequent to Cox's notification of non-renewal, two of the remaining bus drivers/custodians resigned from employment, which Superintendent Baily attributed to the reduction of hours in the positions.  This position was advertised, and Cox never submitted an application for the same.

## III. ANALYSIS

The ADEA provides that "[i]t shall be unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age...." 29 U.S.C. § 623(a)(1).  "[E]mployers are to evaluate [older] employees ... on their merits and not their age." Hazen Paper Co. v. Biggins, 507 U.S. 604, 611, 113 S.Ct. 1701, 1706, 123 L.Ed.2d 338 (1993). (quoting Western Air Lines, Inc. v. Criswell, 472 U.S. 400, 422, 105 S.Ct. 2743, 2756, 86 L.Ed.2d 321 (1985)). "The employer cannot rely on age as a proxy for an employee's remaining characteristics, such as productivity, but must instead focus on those factors directly." Hazen Paper, 507 U.S. at 611, 113 S.Ct. at 1706.  To prevail in an ADEA claim, plaintiff "must establish that age was a 'determining factor' in the employer's challenged decision." Lucas v. Dover, 857 F.2d 1397, 1400 (10th Cir. 1988) (quoting EEOC v. Sperry Corp., 852 F.2d 503, 507 (10th Cir. 1988)).  The plaintiff "need not prove that age was the sole reason for the employer's acts, but must show that age 'made the difference' in the employer's decision." EEOC v. Sperry Corp., 852 F.2d at 507 (quoting EEOC v. Prudential Fed. Sav. & Loan Ass'n, 763 F.2d 1166, 1170 (10th Cir.), cert. denied, 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985)) (emphasis in original).

There are two general methods for a plaintiff to carry the burden of making her or his

case.  A party "may attempt to 'meet his burden directly, by presenting direct or circumstantial evidence that age was a determining factor in his discharge.' " <u>Lucas</u>, 857 F.2d at 1400 (quoting <u>La Montagne v. American Convenience Products, Inc.</u>, 750 F.2d 1405, 1409 (7th Cir. 1984)). Or, more typically, a party may rely on the proof scheme for a prima facie case established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973).

Under the burden-shifting of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), plaintiff must establish a prima facie case of discriminatory discharge.  An employee affected by reduction in force (RIF) must prove: 1) that he is within protected age group; 2) that he was doing satisfactory work; 3) that he was discharged despite adequacy of his work; and 4) that there is some evidence employer intended to discriminate against him in reaching its RIF decision.  <u>Beaird v. Seagate Technology, Inc.</u>, 145 F.3d 1159, 1165 (10th Cir. 1998); ADEA, § 2 et seq., 29 U.S.C.A. § 621 et seq.  "The fourth element may be established "through circumstantial evidence that the plaintiff was treated less favorably than younger employees during the [RIF]." <u>Id.</u> (citing <u>Ingels v. Thiokol Corp.</u>, 42 F.3d 616, 621 (10th Cir. 1994).

"Establishing a prima facie case of age discrimination under the ADEA creates a presumption of discriminatory intent that the defendant may rebut by asserting a facially nondiscriminatory reason for the employee's termination." <u>Beaird</u>, 45 F.3d at 1165 (10th Cir. 1998).  If the defendant meets that burden of production, the presumption created by the prima facie case is rebutted and drops from the case.  <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 507, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993)   The plaintiff may then resist summary

judgment if she can present evidence that the proffered reason was pretextual, "i.e. unworthy of belief," see Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995), or otherwise introduces evidence of illegal discriminatory motive, see id. at 453. "The plaintiff has 'the full and fair opportunity to demonstrate,' that the proffered reason was not the true reason for the employment decision,' Greene v. Safeway Stores, Inc., 98 F.3d 554, 558 (10th Cir. 1996) (citations omitted). The Title VII plaintiff at all times bears the ultimate burden of persuasion. Id. (citations omitted).

The court first addresses the issue of comments made by certain board members.  For the purposes of this motion, the defendant admits Bailey's and Hill's statements about plaintiff's age and ability to do his work.  Hill's comment constitutes hearsay as it was information relayed to plaintiff's daughter by Hill in an informal setting.  Although the comment was made by a decision maker, it is not admissible because the evidence is not reliable.  Fed.R.Civ. P. 56(e) (noting that summary judgment motions should be based on admissible evidence).  Additionally, the fact that plaintiff may fall off a ladder does not directly implicate plaintiff's age but may also implicate plaintiff's ability.  The statement is ambiguous and open to various interpretations. Instead, the court turns to the comments of Superintendent Bailey who, for the purposes of this motion, stated that plaintiff was old and not getting his work done.  The comment implicates plaintiff's age and efficiency as a worker.  Bailey's comments are alleged to have occurred prior to Cox's non-renewal.  This Circuit takes the view that direct evidence is evidence that, if believed, suffices to prove the fact of discriminatory animus without inference, presumption, or resort to other evidence.  Shorter v. ICG Holdings, Inc., 188 F.3d 1204 (10th Cir. 1999); E.E.O.C. v. Wiltel, Inc., 81 F.3d 1508 (10th Cir. 1996). The court finds that Bailey's comments constitute direct evidence of discriminatory motive made in the workplace by a person involved

8

in the decision-making process.  Rea v. Martin Marietta Corp., 29 F.3d 1450, 1455 (10th Cir. 1994).

Since Bailey's comments implicate permissible and non-permissible factors in non-renewal, the court conducts a mixed-motive analysis.  Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).  Thus, the next issue is whether the employer may avoid liability by proving by the preponderance of evidence that it would have made the same decision even if it had not taken plaintiff's age into account.  Id. at 258, 109 S.Ct. at 1795.

In its motion, defendant introduces evidence that cutbacks in personnel were not based on age.  First, the school district was facing budget shortfalls that required personnel and facilities cutbacks.  Second, several other employees in other job classifications were non-renewed, some of whom were above the age of forty.  Third, at least one board member indicated that the board reviewed employee salaries in arriving at a decision on whom they would maintain.  Fourth, more than one board member described Cox's performance as inadequate, though the basis of this information is in dispute.  Finally, the superintendent indicated that he offered plaintiff his position once again when two other employees who served as bus drivers/custodians decided they did not want to continue employment because of reduction in hours.

Viewed in the light most favorable to plaintiff, the court cannot make a determination as to whether the school board avoids liability in the absence of age as a factor.  Based on the financial predicament of the school district that required closing a middle school and financial cutbacks, it is clear that personnel cutbacks were necessary, making Cox a candidate for non-renewal.  Plaintiff was the highest paid bus driver/custodian, and his non-renewal would provide

9

cost savings higher than those of his peers.  The difficulty is that board members were not in agreement as to how the decision to non-renew was made. While one board member recalled that they looked at salaries of persons within a job category to get the monetary numbers the board liked, another stated that they relied heavily on Superintendent Bailey's assessment. Additionally, did Bailey or the board made the ultimate decision not to renew plaintiff?  The uncontroverted facts include information about plaintiff's performance, but it is not clear whether this information was actually presented to board members when they were making their decision and whether this information came from Bailey or another person.  It is also unclear whether performance evaluations were reviewed beyond the superintendent's input.  Without clarity as to how information on Cox's performance was attained, which would remove Bailey as central to the decision-making, the court cannot find by the preponderance of the evidence whether the same decision would have been reached in the absence of plaintiff's age.  Although costs were important to the board's decision-making process, the court cannot eliminate age as a factor based on the uncontroverted facts presented here.

IT IS ACCORDINGLY ORDERED this 25th day of April 2006, that the court denies defendant's Motion for Summary Judgment (Dkt. No. 45).


s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE


10